T. D. BURNHAM, Appellant, *v.* JOHN C. HAYS, Respondent.

Under the 68th sect. of the Practice Act, the court have power in the exercise of its discretion to allow the amendment of a bill of costs, and the affidavit accompanying it.

Where the original bill of costs is filed within the time prescribed by the act, an amendment allowed after the time relates back to the time of filing the original, of which it forms merely a part.

If the original affidavit was a nullity, the defendant should have taken proper steps to set it aside, or have appealed from the judgment, on the ground that the costs had been waived by operation of the statute.

But where the defendant himself moved a retaxation of the costs, it was proper for the court, in its discretion, to allow such amendments as were just and necessary.

The affidavit by the attorney of the party accompanying the bill of costs is good under the statute.

In construing a statute, the sections must be taken together, and that interpretation should be placed upon the language, which will give the particular section utility and effect, make it compatible with common sense, and the plainest principles of justice.

APPEAL from the Superior Court of the City of San Francisco.

The cause upon which the question of costs (which was the only question presented to the Supreme Court), arose, was tried on the 5th May, 1852, and a verdict rendered for the plaintiff, for $4000, upon which judgment was entered on the same day for the amount of the verdict, and costs and disbursements incurred by the plaintiff in his action, amounting to $409 80.

On the 6th May, a bill of costs was filed, corresponding in amount to the above sum of $409 80, to which was appended the following affidavit :—

"State of California, County of San Francisco.

"G. W. Beck, being duly sworn, deposeth and saith, that the above bill of costs is true and correct to his best knowledge and belief; and further deponent saith not.

"G. W. BECK."

"Sworn and subscribed before me, the 6th May, 1852.
                          "E. W. TAYLOR, Notary Public."

On the 22d May, a motion was made by defendant to retax the bill of costs, of which notice had been given to plaintiff's counsel on the 17th, which was argued by counsel, and on the 26th May the court ordered, that the counsel of plaintiff have leave to amend his bill of costs and affidavit, and on the same day the attorney for plaintiff filed an amended bill of costs, and delivered the same to the clerk, with the affidavit of G. W. Beck, taken on the same day.

The bill as amended reduced the amount $20, leaving the amount claimed $386 80, which was taxed accordingly, by order of the court.

The affidavit annexed to the above bill was as follows :—

"State of California, County of San Francisco.
   " G. W. Beck, one of the attorneys of the plaintiff above named, being duly sworn, deposeth and saith, that the items of the fore-going bill of costs are correct, to his best knowledge and belief, and that the disbursements have necessarily been incurred in the action.   And further saith not.
                          "G. W. BECK."

"Sworn to and subscribed before me on the 26th May, 1852."
                          "H. MARSHALL, Clerk."

On the 31st May, the defendant appealed from the order of court of the 26th May, granting leave to plaintiff's counsel to amend the bill of costs, &c.   Affidavit filed on the 6th May.

This case had been originally heard at January Term, but a rehearing having been granted, it came again before the court at this term.

*Burham* and *Reed*, for appellants,

Read the 5th section of the Practice Act of 1851 : " The memo-randum (of costs) shall be accompanied by the affidavit of the party·that the items are correct, to the best of his knowledge and belief, and that the disbursements have been necessarily in-

curred in the action.  The memorandum and affidavit shall be delivered to the clerk within twenty-four hours after the rendition of the verdict, or the costs shall be deemed waived."

The original bill was not accompanied by the affidavit of the party, who alone could make it; nor does the said affidavit set forth, that "the items" in the said bill of costs are correct, to the best of the knowledge and belief of the party, nor that the disbursements had been necessarily incurred in the action; for which defects the costs were, and ought to be deemed "waived."

Neither is the amended bill of costs accompanied by the affidavit of the party, and for this cause it should be deemed "waived."

Where an act requires a thing to be done in a particular way, that way alone must be pursued.  Bell *v.* Morrison, 1 Pet. S. C. Rep. 355; U. S. Dig. vol. 2, p. 809, citing 3d Brevard Rep. 396; 5 Wend. 136.

When a thing is to be done within a specific time, the court cannot enlarge that time; see 5 Wend. 136.

If a statute designates a person by whom a thing shall be done, it can be done by no other.

The statutes of California, in every instance where an oath may be made by a person *other than the party,* expressly authorize some other person to make it.  See sect. 55 Practice Act, 1851; sect. 75 same act; sect. 100 same act; and sects. 113 and 121 of the same act.  In this case there is no such provision, and the party alone could make the oath under the statute.  See also rule of the Superior Court, 16.

The original affidavit was sworn to before an attorney of the defendant in the cause, and should have been rejected.

*Clark, Taylor,* and *Bickle,* for respondents.

The original bill of costs was excepted to by defendants, who moved to retax the costs; the court ordered the retaxation, and allowed the amended affidavit as incident thereto.  Whether the bill and affidavits, as original or amended, were regular or legal, is not for this court to inquire.

The power to grant amendments is expressly given by the Practice Act, sect. 68.  "The court may amend any proceeding

by correcting a mistake in any respect." The plaintiff by mistake had sworn to a trifling item of costs too much, and the court allowed the mistake to be corrected, and the affidavit to be amended accordingly, thus benefiting the defendant by the reduction.

The appeal does not "affect a substantial right," and therefore does not lie. See stat.

But, 1st. All amended pleadings date from the time of filing the originals. 2d. The statute requiring the party to make the affidavit should receive a rational construction. In half the actions brought, the party himself could not make it. He may be absent, or resident abroad, and besides, the attorney almost always makes the disbursements, and their amount is known only to him. To require the party to swear personally to these, would be contrary to the views which the courts have taken of the statute. 3d. The attorney who administered the oath was also a notary. His being attorney for the party does not annul his official act as notary.

WELLS, Justice, delivered the opinion of the court. HEYDEN-FELDT, Justice, concurred.

Upon an examination of this case, on rehearing, I am satisfied that the decision heretofore rendered by this court by my associates was correct, and should be adhered to.

The court below, in allowing the plaintiff to amend his bill of costs, and the affidavit accompanying it, exercised a legal discretion which it was competent for it to do, by virtue of the 68th section of the Practice Act, and the defendant cannot say that such discretion was abused, inasmuch as it resulted to his benefit by the reduction of the amount of charges against him. Nor can it be said that the allowing of such amendments was an enlarging of the time fixed by statute for the delivering of the memorandum and affidavit to the clerk. The original memorandum and affidavit were delivered within the time specified, and the filing of the amendments related back to the time of filing the originals, of which they merely formed a part. This was not an enlarging of the time such as was contemplated by the de-

cision in the case cited from 5 Wendall, and therefore the rule in that case does not apply.

If the original affidavit was a nullity, and the defendant intended to take advantage of it, he should have treated it as such, and have taken proper steps to set aside the judgment, or appealed therefrom, on the ground that the costs had been waived by operation of the statute; but having moved for a retaxation of the costs, and the bill being, upon his own motion, before the court for that purpose, it was proper that such order should be made, and such amendment allowed, as in the discretion of the court was just and necessary in the premises.

It is objected that the amended affidavit is equally void, it not having been sworn to by the party, as required by the statute, but by one of his attorneys, and we are referred to several other sections of the Practice Act, to show, that in every instance where an oath is not made by the party himself, the statute expressly authorizes some other person to make it; but this fact, instead of sustaining the objection, affords a good reason why, in this instance also, the affidavit may be made by some person other than the party, by his attorney, or some one else, in his behalf, who had knowledge of the facts. In construing the statute, we must consider the sections together, and that interpretation should be placed upon the language which will give the particular section utility and effect, and which at least will make it compatible with common sense, and the plainest dictates of justice. Such a construction as the defendant would have placed upon it would render this section in most cases impracticable; in many, unjust; in some, inoperative and nugatory, and in all, inconvenient. It would deprive an absent or non-resident party entirely of his right. Indeed, it would operate as a denial of such right to every party, unless he was prepared to swear to a bill of costs, of the correctness of which he could seldom by any possibility have the remotest personal knowledge. The fees and disbursements expended in the preparing of a cause for trial, and in the trial and general management of it, are almost universally paid out by the attorney; and how can another party be supposed to know what amounts are thus paid? It would be a novel thing to require a party in all cases to swear to the cor-

rectness of the items of his attorney's bill of costs. Such a thing was never required by any law that was ever heard of before, and such as I cannot admit was intended by any legislator in his senses who had a voice in framing the act under consideration.