[Argued December 10, 1894; decided January 28, 1895.]

## MORRIS *v.* RODGERS.

[S. C. 38 Pac. 931.]

</div>

VERIFICATION OF COST BILL BY ATTORNEY—CODE, § 556.—Where the statute only requires that the cost bill "must be verified, except as to fees of officers," (Hill's Code, § 556,) and that if objections are made thereto the party claiming the costs may "file with the clerk an amended verified statement," (Laws, 1891, p. 114,) but does not in terms require the verification to be made by the party himself, it may be made by the attorney, if he has knowledge of the facts.

26 OR.—73.

APPEAL from Linn: GEO. H. BURNETT, Judge.

Action by R. N. Morris against G. W. Rodgers, commenced in justice's court, and taken on appeal to the circuit court, where there was a judgment for defendant. From a judgment sustaining a motion by plaintiff to retax costs, defendant appeals.

REVERSED.

For appellant there was a brief signed by *Messrs. Kelly & Curl*, and an oral argument by *Mr. L. M. Curl.*

For respondent there was a brief and an oral argument by *Mr. H. C. Watson.*

Action by R. N. Morris against George W. Rodgers in which judgment went for plaintiff, and is before this court on an appeal from a decision on a motion to retax costs. The only question presented is the sufficiency of the amended verified statement of defendant. The objection to this statement is that it is not verified by the party entitled to costs, but by his attorney. The statute provides that a cost bill or statement "must be verified, except as to fees of officers" (Hill's Code, § 556); and that if objections are made thereto the party making such cost bill may, within five days thereafter, "file with the clerk an amended verified statement," etc.: Laws, 1891, p. 114; but it does not in terms require the verification to be made by the party himself, and in the absence of such requirement we can conceive of no valid reason why it may not be made by the attorney, if he has sufficient knowledge to enable him to make it. In many cases he is more familiar than his client with the amount of costs and disbursements to which he is entitled, and is therefore better qualified to make the necessary verification. To require the party himself in all cases to verify the cost bill would be incon-

venient and impracticable, and would often deprive him entirely of his right to costs, unless he is prepared to swear to the correctness of the items of the bill therefor of which he has no knowledge.  The statute does not restrict the verification to any particular person, and it may therefore be made either by the party, or some one in his behalf, who has knowledge of the correctness of the various items set forth in the cost bill.  The statement is required to be verified in order to prevent the taxation of illegal or unjust items as costs, and this object is secured where the verification is made by one familiar with the facts, whether it be the party or his attorney.  In California it is held that the verification of a cost bill by an attorney is sufficient, under a statute requiring the verification to be made by the party, (*Burnham* v. *Hays*, 3 Cal. 115,) and certainly no stricter rule should prevail under a statute which contains no such requirement.  The judgment of the court is therefore reversed.

REVERSED.

Mr. Justice WOLVERTON having been of counsel in the court below took no part in this decision.