JAMES ET AL VS NUNLEY.

Opinion rendered November 24, 1906.
(97 S. W. Rep. 1028).

1. *Executors and Administrators—Powers Before Appointment—Relation, Doctrine of.*

A widow, prior to her appointment as administratrix of her husband's estate, is not, under the doctrine of relation, either in person or by agent, authorized to take possession of property, claimed by or in the possession of another although the husband at the time of his his death had a mortgage thereon.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice Thos. C. Humphrey, June 3, 1905.

Action by Mattie Nunley against Mayo James and others. Judgment in favor of plaintiff, and defendants appeal. Affirmed.

On March 26, 1904, the plaintiff (appellee) filed her affidavit in replevin before G. A. Spaulding, United States Commissioner for the Central District, and claimed the delivery to her of 18 head of cattle, all branded "U. N." on right hip, marked with crop off of right ear, and under half-crop in left ear, except two young calves not marked or branded, and $15 for detention; states she is owner of said stock and entitled to immediate possession thereof; that they are wrongfully detained by defendant Mayo James, who, under false claim of being owner of said 'stock, detains same. On April 12, 1904, defendant filed answer, and denies that the property claimed by plaintiff is her property, or that she is entitled to the immediate possession of the same, but states "that the property described therein belongs to the estate of Utley Nunley deceased and that defendant holds the property as the agent of Mrs. Kate D. Love as administratrix of R. M. Love, deceased, by virtue of a mortgage executed by the said Utley Nunley on the 3d day of January 1902, on the property described in plaintiff's complaint to the said R. M. Love, deceased, which mortgage remains due and unpaid, wherefore defendant prays judgment for a dismissal of this suit and for his costs." On April 15, 1904, said case was tried before said commissioner and a jury, who returned verdict for plaintiff for seven head of cattle and no damages. On April 18, 1904, defendant appealed to the District Court at Antlers, I. T. Plaintiff moved that the court affirm the judgment below for failure of defendant to file transcript, as required by law, and on September 10, 1904, the court affirmed said judgment. On September 12, 1904, defendant filed motion to set aside judgment and reinstate the case, which motion on September 27, 1904, was sustained by the court. On December 15, 1904, defendant filed motion to make L. S. De Berry and Kate De Berry parties defendant in this cause, which motion was sus-

tained. Whereupon Kate De Berry files answer to the plaintiff's complaint, and states that on April 5, 1904, she was, by the county and probate court of Red River county, Choctaw Nation, I. T., appointed as administratrix of the estate of R. M. Love, deceased. On the same day defendant James files amended answer, and states that he has no interest in said action, admits he took the cattle, but did so as the agent of the estate of R. M. Love, deceased, under a chattel mortgage executed by Utley Nunley, the husband of plaintiff, to R. M. Love, and the cattle were turned over to said estate; states that L. S. De Berry is the duly qualified administrator of the estate of R. M. Love, deceased. On the same day defendant James filed motion for change of venue, which motion was sustained, and by agreement venue was changed to Atoka. On May 23, 1905, cause was tried before a jury, who returned verdict as follows: "We, the jury, being duly impaneled and sworn, do find that the plaintiff, Mattie Nunley, entitled to the possession of the cattle in controversy and find their value, to wit: 1 white spotted cow, value, $12.50; 1 brown cow, 5 yrs. old, $14.00; 1 brown cow, 4 yrs. old $12.50; 1 red cow, 4 yrs. old, $14.00; 1 white spotted cow, $12.50; 1 red muley cow, $12.50;—total, $78.00. J. B. W...ight, Foreman." On May 27, 1905, defendants file motion for new trial. On June 3, 1905, motion for new trial was overruled, and judgment entered on the verdict. Defendants excepted, and cause was brought to this court by writ of error.

*John Cocke* and *Rolls Bros.*, for appellants.

TOWNSEND, J. (after stating the facts). The appellant (defendant) has filed 18 assignments of error, but it does not occur to us that any of them need much discussion. It appears from the record that the appellee (plaintiff) was the widow of Utley Nunley, deceased, and was in the possession of, and claimed to be the owner of, the property sued for in this action of replevin. This suit was instituted on March 26, 1904, before a

United States commissioner, by filing affidavit and complaint in replevin. No bond was executed, and the cattle sued for not taken possession of by the officer. The defendant filed his answer, and says he holds the property as the agent of Mrs. Kate D. Love, as administratrix of the estate of R. M. Love, deceased, but it also appears by the record that Kate D. Love was not administratrix of the estate of R. M. Love, deceased, at that time, and was not appointed such administratrix until April 5, 1904, when she was appointed such administratrix by the county and probate court of Red River county, Choctaw Nation. The case was tried before the commissioner and plaintiff recovered judgment, and defendant appealed to the District Court at Antlers, I. T. Subsequently, on motion of defendant, Mrs. Kate D. De Berry, formerly Kate D. Love, and L. S. De Berry, were made parties defendant. They both filed answer and the case was transferred to Atoka, I. T., and there tried before a jury, and plaintiff recovered judgment for the return of the cattle or their value in the sum of $78. Motion for new trial was filed and overruled, and defendant brought the case to this court by writ of error.

The court instructed the jury as follows: "The defendant in the case claims that he was the agent for Mrs. Love, who was the administratrix of the estate of her husband, R. M. Love, deceased. Now, gentlemen of the jury, if you find from the testimony before you that this suit was instituted by Mattie Nunley against Mayo James before any letters of administration were ever issued to Mrs. Love then you will readily see that James could not take the property as an agent of the administratrix. Because, if you find that the administration was not taken out in April, that would not justify Mayo James in taking the property from Mattie Nunley although the Love estate had a mortgage, because Love having a mortgage there should be somebody appointed to represent the

estate because they could then go legally and take charge of the property and take it out of the possession of Mattie Nunley, the plaintiff.  So, in this case, if you find that there was no administration in the Love estate at the time this property was taken, and you find that it was taken from Mattie Nunley, then your verdict should be for the plaintiff.  Unless you further find that Mattie Nunley consented and agreed that the property be taken."  To this instruction appellant filed his ninth assignment of error as follows:  "Assignment 9:  The court's instruction complained of in this assignment are clearly wrong, as it was the duty of Kate D. Love, the widow of R. M. Love, to take all necessary steps to preserve the estate of her deceased husband.  As the widow, she was interested in the preservation of the estate, and, as the mother of her minor children, she was the natural guardian, and she might have gone herself and taken possession of the property described in the mortgage, or she might have employed  any person to do the same, and, if in doing so she purported to act as administratrix, and in fact was not administratrix, at the time, it would be immaterial. The appointment of Mrs. De Berry as administratrix of the estate of R. M. Love perfects her title back to the death of the deceased and her acts relating to the property are to be construed as a part of her acts as administratrix.  Section 173 and 193, vol. 1, Woerner on the American Law of Administration." Citing section 173, Woerner, as follows:  "For particular purposes the letters of administration relate back to the time of the death of the intestate, and vest the property in the administrator from that time, attaching to property coming from a foreign jurisdiction as soon as it comes into that of the domicile.  On this principle, an administrator may maintain trespass for injuries to the goods of the intestate committed after his death and before the appointment, or trover for property so wrongfully detained, or an action on a contract made with the defendant before appointment, or for money belonging to the

estate collected by defendant before grant of letters, or assumpsit for money paid to defendant's order. And, on the same principle, the heirs have no power, before the appointment of an administrator, to bind the personal estate by any agreement. 'This doctrine of relation is a fiction of law to prevent injustice, and the occurrence of injuries where otherwise there would be no remedy, and would not be applied in cases where the rights of innocent parties intervened,' nor 'to recognize, validate, and bind the estate by the unauthorized acts which have been done to the prejudice of this estate, by any one, while the title was in abeyance,' nor to give effect to the statute of limitations, which does not run during the period intervening between the death of the intestate and the grant of letters." It appears that this doctrine of relation is a fiction of law to prevent injustice and the occurrence of injuries where otherwise there would be no remedy. This authority simply holds that the administrator can institute suits after his appointment, and for some purposes the letters of administration relate back to the time of the death of the intestate. It nowhere authorizes any one not an administrator to seize and take the possession of property from one in possession, and claiming to be the owner, or to appoint an agent for any such purpose. In our opinion the judgment of the court below was correct, and it is affirmed.

Affirmed.

GILL, C. J., and LAWRENCE and CLAYTON, JJ., concur.