Argued March 30, reversed April 6, modified on rehearing April 20, 1915.

## CUNNINGHAM v. FRIENDLY.

(147 Pac. 752.)

**Costs—Taxation—Bill of Costs—Verification.**

1.   The attorney for a party entitled to costs had a right to verify the cost bill.

**Costs—Taxation—Bill of Costs—Service.**

2.   The objection that a cost bill was not properly served was waived by appearing and objecting to the bill.

**Costs—Items Recoverable—Costs on Appeal.**

3.   Where a judgment was reversed and the costs in the court below awarded to defendant, he was not entitled to tax a clerk's fee incurred in taking the appeal.

**Appeal and Error—Presumptions in Support of Judgment.**

4.   On an appeal from an order allowing disputed items of costs where there was nothing to show the incorrectness of certain items, they would be allowed to stand, as error would not be presumed.

**Costs—Costs on Appeal—Expense of Extending Testimony.**

5.   Where on appeal a party procured an original and two copies of the testimony as extended, he could not charge for the copies in his cost bill, though he may have needed them.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by A. A. Cunningham against J. C. Friendly.   At a former hearing before this court, the case was reversed, and costs in the court below were awarded to the defendant, who filed his cost bill, in which were items amounting to $4.80, clerk's fees, and cost of extending testimony: Original $56, copies $18 and $15, total $89.   The plaintiff has objected to the item of clerk's fees for the reason that it was incurred in taking the appeal.   He also objected to all of the items of $89, except $30, saying that is all the original should have cost, and that the copies were unnecessary.

The item of $15 was stricken out and the remainder allowed.    REVERSED.    MODIFIED ON REHEARING.

For appellant there was a brief over the names of *Mr. James N. Davis* and *Mr. William W. Dugan, Jr.,* with an oral argument by *Mr. Davis.*

For respondent there was a brief over the names of *Mr. Franklin F. Korrell* and *Mr. Earl C. Bronaugh,* with an oral argument by *Mr. Korrell.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. Counsel for plaintiff strenuously contend the cost bill was not properly verified, and was filed prematurely. The record shows a cost bill was filed on the 8th of May, the date of the mandate, which cost bill was verified by defendant's attorneys. This he had a right to do: *Morris* v. *Rodgers,* 26 Or. 578 (38 Pac. 931). Objection is also made that it was not properly served, but counsel appeared and objected to it; and, having done this, he waived his right to raise any objection as to service. It also appears that two cost bills were filed, but there is only one here, and we can only judge of what is done by the orders of the court.

3-5. If the item of $4.80 was incurred in taking the appeal, it was improperly allowed; but there is nothing here to show what it was for, and, as error is not presumed, this item should stand. The item of $56 for original should also stand, as there is nothing here to show its incorrectness; but there is no authority of law for the allowance of $18 for a copy. Although counsel may have needed these copies, they cannot charge for them in the cost bill, and the item of $18 must be stricken out.

This necessitates a reversal of the case, and it is so ordered.        REVERSED.        MODIFIED ON REHEARING.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

———

Modified April 20, 1915.

ON REHEARING.

(147 Pac. 752.)

In the former opinion of this court the judgment was reversed. Counsel for respondent now moves to modify it, instead of reversing it.

As this is a case where the court can determine what judgment ought to be entered, it will be modified by ordering the court below to strike out the sum of $18 allowed for copy of testimony, and affirmed as to the balance, with costs in this court to the appellant.

MODIFIED ON REHEARING.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.