[Civ. No. 4191. First Appellate District, Division Two.—March 29, 1922.]

## A. BURTON HINKLEY et al., Petitioners, v. J. H. WELLS, as County Clerk, etc., Respondent.

[1] ELECTIONS — INITIATIVE PETITION — DEFECTIVE AFFIDAVIT — DUTY OF SECRETARY OF STATE.—The Secretary of State has not the power under section 1 of article IV of the constitution to refuse to recognize the certificate of a county clerk to an initiative petition because the affidavit attached to the original petition is defective in failing to state that the person who circulated it is a qualified elector of the county.

[2] ID. — AMENDMENT OF AFFIDAVIT. — The affidavit of a person who circulates an initiative petition is subject to amendment, and neither the county clerk nor the Secretary of State may refuse to file the petition because such affidavit fails to state all the qualifications of the affiant if he is in fact qualified and makes satisfactory proof of his qualifications.

[3] ID.—DUTY OF COUNTY CLERK—MANDAMUS.—A writ of *mandamus* will not issue to compel a county clerk to attach an amended affidavit to a filed initiative petition or to permit the withdrawal and refiling of the petition with the amended affidavit attached, since he is not required to do more than to permit the amended affidavit to be filed if it sufficiently identifies the section of the petition to which it relates.

[4] MANDAMUS—DISCRETION—WHEN REFUSED.—The issuance of a writ of mandate is largely discretionary and should be denied when not necessary to afford the petitioner the relief to which he is entitled.

APPLICATION for a Writ of Mandate to compel the attachment of an amended affidavit to a filed initiative petition. Denied.

The facts are stated in the opinion of the court.

Theodore A. Bell for Petitioners.

Archibald B. Tinning for Respondent.

NOURSE, J.—Petitioner Hinkley, as a registered elector of Contra Costa County, circulated in that county a peti-

---

2. *Mandamus* to compel performance of public duty at instance of private person, notes, 7 Am. St. Rep. 484; 125 Am. St. Rep. 492.

tion proposing a new law in the form of an initiative measure to be submitted to the electors of the state under section 1 of article IV of the constitution. Petitioner Kurtz was one of the qualified electors of Contra Costa County who signed one of such petitions. When the petition was filed with respondent as county clerk of Contra Costa County a defective affidavit was attached—defective in that the circulator stated therein that he was a "resident" of said county, whereas the constitution requires that the circulator should be a "qualified elector" of the county in which he obtains the signatures. Upon the filing of the petition the respondent, in accordance with the terms of the constitution, examined the same and certified to the Secretary of State, as required, the number of qualified electors who had signed the same, first having been satisfied by an examination of the records of registration that the circulator of the petition was a duly qualified elector of the county and that the petition was in due form. The respondent thereupon attached his certificate of such examination to a certified copy of the original petition and transmitted the same to the Secretary of State. Thereafter it was discovered that the affidavit attached to the original petition was defective in that it failed to state that the circulator was a "qualified elector" of the county. For that reason the Secretary of State refused to recognize the certificate of respondent covering said petition.

Thereupon a new affidavit was made by the circulator of the petition stating his qualifications in full as required and this was tendered to the respondent with a demand that he file the same and attach it to the proper section of the petition or that he permit the withdrawal of the petition from his files in order that the petitioner herein might attach the new affidavit thereto and refile the same. The respondent refused the demand upon the ground that to permit the alteration or removal of the petition would be to violate section 113 of the Penal Code, which relates to the altering, mutilating, defacing, or removing of public records. In his answer to the petition for a writ of mandate herein respondent admitted that the original initiative petition and affidavit were in his possession and alleged that he had examined the signatures attached thereto as well as the qualifications of the circulator and had certified them to the

Secretary of State as in accordance with constitutional requirements. Respondent then alleged that the new affidavit which was offered for filing was identical with the original except that the words "registered qualified elector" were inserted in place of the word "resident," and that he refused to attach said affidavit to the petition or to refile the petition on the ground that to do so would be an alteration of the petition.

[1] Technically the original affidavit complied with the requirements of the constitution—it stated the qualifications of the affiant but did so imperfectly. That is to say, the constitutional requirements are that the circulator of each petition must file an affidavit "stating his own qualifications" among other things. In stating that he was a "resident" of Contra Costa County he stated the truth, because to be a qualified elector he must have been a resident. But a resident of the county is not necessarily a qualified elector thereof. The purpose of the constitutional requirement is to aid the county clerk in his examination of the petition. If, notwithstanding some imperfection in the affidavit, the county clerk finds, as here, that the circulator's qualifications meet the requirements and upon examination duly certifies the petition to the Secretary of State, we do not understand that that official has any other duty than to receive the petition so certified and submit the proposition to the electors at the ensuing general election if the certificates show the required number of qualified signatures. The duty of the Secretary of State is found in the second paragraph of section 1 of article IV of the constitution, which reads: "Upon the presentation to the secretary of state of a petition certified as herein provided to have been signed by qualified electors, equal in number to eight per cent of all the votes cast . . . the secretary of state *shall* submit the said proposed law or amendment . . . to the electors at the next succeeding general election." There is nothing in the quoted language which gives to the Secretary of State any power to reject a petition because of any defect in the affidavit of the circulator. In the arguments it is said that the Secretary of State is satisfied to receive amended affidavits and we are urged to issue this writ because the error has occurred in the petitions circulated throughout the state, and to circulate

these petitions anew and obtain the necessary number of signatures in the short time allowed would be extremely burdensome and expensive to the proponents of the measure. These are considerations which are not easily denied, but unless the law requires the respondent to perform the duty demanded we are not authorized to require him to do so.

[2]  In arriving at the legal duty of the respondent it should be observed that the original affidavit is not a nullity but complies with the constitutional requirements as stating affiant's qualifications. Neither the county clerk nor the Secretary of State may refuse to file the petition because the affidavit fails to state *all* the qualifications of the circulator if he is in fact qualified and makes satisfactory proof of those qualifications.

The affidavit is subject to amendment like an affidavit on a bill of costs, on motion for change of place of trial, on attachment, justification of sureties, and similar proceedings. When so amended the affidavit dates back to the time of the filing of the original. (*Burnham* v. *Hays,* 3 Cal. 115 [58 Am. Dec. 389]; *Palmer & Rey* v. *Barclay,* 92 Cal. 199, 201 [28 Pac. 226]; *Nichols* v. *Davis,* 168 Cal. 570 [143 Pac. 758]; *Bone* v. *Trafton,* 31 Cal. App. 30, 32 [159 Pac. 819]; *Gardner* v. *Steadman,* 31 Cal. App. 447, 450 [160 Pac. 834]; *Jaques* v. *Owens,* 18 Cal. App. 114, 116 [122 Pac. 430]; *Pittman* v. *Carstenbrook,* 11 Cal. App. 224, 229 [104 Pac. 699]; *Lundy* v. *Lettunich,* 50 Cal. App. 451 [195 Pac. 451].)

[3]  There is no essential difference between the requirement that the affidavit be filed *with* or *at the time,* or *at the same time* as the moving papers, as in the cases cited, and the requirement that it shall be *attached to* the papers, as in this case. The purpose of attaching the affidavit to the petition is to facilitate identification of the section of the petition. So long as the amended affidavit sufficiently identifies the section of the petition to which it relates it is a paper which the affiant has a right to file with the county clerk as a part of the initiative proceedings. The method by which the affidavit is to be ''attached'' is not prescribed— whether by pin, or clip, glue, or some other such method— but we are satisfied that though the county clerk should receive and file the amended affidavit, and though he would not be amenable to any penal statute if he attached it to

the original petition by some appropriate way, the law does not require him to either attach the amended affidavit to the petition or deliver the petition to petitioner for refiling, and the writ should not issue for that purpose.

[4] Though we are satisfied that the petitioner is entitled to have respondent file the affidavit with the section of the initiative petition to which it relates, we do not understand that respondent has refused after demand to do so, but merely that he has refused to attach the affidavit to the petition or to permit the withdrawal and refiling of the original with the amended affidavit attached. Assuming that the showing is sufficient to authorize the issuance of the writ to require respondent to file the new affidavit, the issuance of the writ is largely discretionary and should be denied when not necessary to afford petitioner the relief to which he is entitled. (*Fawkes* v. *City of Burbank*, 188 Cal. 399 [205 Pac. 675].)

Writ denied.

Langdon, P. J., and Sturtevant, J., concurred.