[S. F. No. 15232. In Bank.—September 5, 1934.]

RUSSELL C. WILLETT, Petitioner, v. FRANK C. JORDAN, as Secretary of State, etc., Respondent; PERCY PURVIANCE, Intervener.

Frank L. Guerena for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison, Deputy Attorney-General, for Respondent.

M. Jos. McGranaghan for Intervener.

SHENK, J.—This is a proceeding in *mandamus*. The petitioner is the president of the state board of chiropractic examiners. He is one of the proponents of a proposed initiative measure to amend the Chiropractic Act approved by the electors of the state at the general election on November 7, 1922. Acting with other proponents he caused a petition, in sections, to be prepared and circulated among the qualified electors of the state for signatures sufficient to place

the measure on the ballot at the ensuing general election. This petition was circulated in forty-two counties of the state, including the county of Alameda. On or before August 7, 1934, the county clerks and registrars of voters certified to the respondent herein the result of their examinations of the sections of said petitions filed in their respective counties. On August 7th the respondent announced that the certificates then on file in his office showed that 108,108 qualified electors of the state had signed said petition and that the signatures of 110,811 qualified electors were necessary to place said measure on the ballot at the general election to be held November 6, 1934.

On August 3 and 7, 1934, the county clerk of Alameda County certified to the respondent that the signatures of 16,024 qualified electors appeared on the sections of said petition filed in his county. Four days later, on August 11th, said county clerk ascertained that a mistake had occurred in checking the signatures to said petition on file in his office and that there were actually 19,751 signatures of qualified electors on said petition on August 7, 1934, instead of 16,024, as certified by him to the respondent. Accordingly said county clerk on August 11th transmitted to the respondent a certificate wherein he recited that through inadvertence said mistake had been made; that in fact there were on file in his office, prior to his original certificates, sections of said petition containing 19,751 signatures of qualified electors of said county, and amending his original certificates as of the date thereof so as to show the true status of said petitions filed in his office within the time required by law.

The petition herein seeks to compel the respondent to recognize the certificates as amended and place the initiative measure on the ballot at the ensuing general election. The respondent has refused to recognize the amended certificates without an order of court directing him to do so, on the ground that under section 1 of article IV of the Constitution the last day for the filing of such certificates in his office was August 7th in order that the measure be placed on the ballot at the next general election.

A general demurrer has been interposed to the petition herein. The facts hereinbefore related are disclosed by the petition and are undisputed. It therefore appears that the

petitioner and those interested with him in the presentation of the proposed measure have done everything required of them to be done and within the time provided by law in order to place said measure before the electors of the state at the general election next November. The respondent does not contend, in fact he concedes, that if he is required to act in accordance with said amended certificates, there will be ample time to make the necessary arrangements for placing the measure on the ballot at said election. No prejudice to anyone will ensue if that is required to be done which would have been done but for the mistake and inadvertence of the county clerk, for the petitioner and his associates were in nowise at fault in the presentation of the sections of the petition to said county clerk.

The petitioner invokes the doctrine of relation. This doctrine is of both equitable and legal cognizance. (*Peyton* v. *Desmond,* 129 Fed. 1, 11.) It was promulgated for the purpose of promoting justice or preventing injustice and is applicable when several proceedings are essential to complete a particular transaction. (*Gibson* v. *Chouteau,* 13 Wall. (80 U. S.) 92 [20 L. Ed. 534].) When it is invoked the doctrine must be based on some antecedent lawful right (*United States* v. *Atchison, T. & S. F. Ry. Co.,* 142 Fed. 176, 187), and when there is otherwise no remedy. (*James* v. *Nunley,* 6 Ind. Ter. 336 [97 S. W. 1028] ; see 53 Cor. Jur., pp. 1185, 1186, and cases there cited.) Although applied usually in private transactions, no good reason has been advanced, and none appears, why this doctrine should not be applied in an initiative proceeding, as was done in *Hinkley* v. *Wells,* 57 Cal. App. 206, 209 [206 Pac. 1023]. All of the essentials of its application appear to be present in this proceeding. No private rights are involved and none are prejudiced. To refuse its application under the facts here disclosed would countenance a palpable injustice to those who, at great expense and effort, did all that was required of them by law and had established the antecedent right to have their petitions recognized as sufficient. The correction of the admitted mistake of the public officer, the county clerk, and the amendment of the original certificates by him must therefore be deemed to date back to the time of the filing of the certificates originally filed in

the office of the respondent. When this is done the duty of the respondent is plain.

A petition in intervention was filed on behalf of Percy Purviance, who alleges that he "is a party interested in this proceeding as one licensed under the Chiropractic Act" and "will be directly affected by the results" thereof. He denies that the error of the county clerk was through inadvertence and alleges that twenty-five per cent of the signatures covered by the amendment to the certificates were not of qualified electors of said county. In effect he seeks to have this court order a re-examination of the records of Alameda County to ascertain the facts.

Assuming, without deciding, that the intervener would have the right in any event to inject himself into this proceeding, it is clear that he has not stated a case wherein his intervention should be allowed. "It is the general rule that an intervention will not be allowed when it would retard the principal suit, or require a reopening of the case for further evidence, or delay the trial of the action, or change the position of the original parties." (*Hibernia etc. Society* v. *Churchill*, 128 Cal. 633 [61 Pac. 278, 79 Am. St. Rep. 73]; 20 Cal. Jur., p. 518.) If the intervention should take the form requested, a defeat of the purpose and rights of the proponents of the measure would be the inevitable result.

Furthermore, if what the intervener alleges be true, namely, that twenty-five per cent of the signatures certified by the amendment were, as claimed, improperly certified, there would still be nearly one hundred qualified signatures more than sufficient to place the measure on the ballot. The petition in intervention is dismissed.

Let a peremptory writ issue as prayed.

Curtis, J., Waste, C. J., Preston, J., Spence, J., *pro tem.,* and Tyler, J., *pro tem.,* concurred.