## (October 18, 1966)

■ In the Matter of MARIA E. MONPLAISIR, Respondent, v. HERMAN KATZ, as City Clerk of the City of New York, et al., Appellants. [10794] In the Matter of MARIA E. MONPLAISIR et al., Respondents, v. HERMAN KATZ, as City Clerk of the City of New York, Appellant. [10795] In the Matter of AMELIA CASSESE, Respondent, v. CITY CLERK OF THE CITY OF NEW YORK et al., Appellants. [10796] — [10794 and 10796] Orders, entered October 4, 1966, in the above-entitled proceedings, pursuant to section 330 of the Election Law, enjoining the City Clerk from performing certain acts with respect to the submission of a proposed local law to the electors, reversed on the law, on the facts, and in the exercise of discretion, and the petitions dismissed, without costs or disbursements to any party. Concur — Breitel, J. P., Rabin and Steuer, JJ.; McNally and Capozzoli, JJ., dissent in a memorandum by McNally, J. [10795] Order, entered October 4, 1966, in the above-entitled proceeding pursuant to section 37 of the Municipal Home Rule Law, granting application of petitioner Monplaisir to discontinue the proceeding, unanimously affirmed, without costs or disbursements to any party. Concur — Breitel, J. P., Rabin, McNally, Steuer and Capozzoli, JJ. [10794, 10795 and 10796] On the above appeals the questions are separable. Petitioner Monplaisir,* even in a class action like this, is entitled to discontinue the litigation instituted by her to the extent that no one else's rights are prejudiced but only to that extent. The discontinuance, if valid, however, does not work a retroactive nullification. By virtue of the institution of the proceeding and by reason of the subsequent orders the City Clerk was bound to do the things he was ordered to do by the courts, namely, to ascertain the number of valid signatures appended to the instant petition. This he has done and, in consequence, he is bound to certify the facts as he finds them and as he was ordered to do, namely, that the

---

* The motion to discontinue and the order entered on the motion actually refer only to Mrs. Monplaisir, one of the three petitioners in the section 37 proceeding, although it is evident that Mrs. Monplaisir's lawyer was seeking to discontinue the proceeding in its entirety. Of course, if there was no valid discontinuance of the proceeding as to petitioners Yorke and Ekwurzel, the proceeding is still extant. Notably, the later section 330 proceeding was brought by Mrs. Monplaisir alone.

proposition for a proposed local law was supported by a sufficient number of valid signatures. If the discontinuance were to have the effect of preventing the City Clerk from acting, then it would have been an abuse of discretion to have allowed it for the reasons stated below. Moreover, if no proceeding has been brought the City Clerk would arguably have had the power to correct his errors, but that question need not be decided now. More specifically, it is not necessary to consider whether the City Clerk, in the absence of any judicial proceeding, had a continuing power after the 30 days permitted him by section 24 of the Municipal Home Rule Law to certify as to the status of petitions for proposed local laws. It is observed, however, that in California it has been held that the certifying official under an initiative statute always has the power, if not the duty, to rectify his own errors of certification (*Willett* v. *Jordan*, 1 Cal. 2d 461; *Truman* v. *Royer*, 189 Cal. App. 240). Similarly, the court does not have to reach the question whether petitioner could be denied the privilege of discontinuing her proceeding so long as the discontinuance has not occurred at such time or in such way to bar the City Clerk from doing what the petition originally sought him to do and which the several orders of the court in the section 37 proceeding required him to do. If the discontinuance had such effect, then a serious question of prejudice would be raised because there is involved a matter of public interest and there are thousands of other signers for whom the petitioner can only speak in a limited representative capacity. Nor is it necessary to reach the question whether petitioners Monplaisir and Cassese in their section 330 proceedings have standing to sue, because of the conclusions reached. Although, again, if the question were reached, a serious problem would be presented because there is a marked difference between the interest of one who seeks the opportunity to vote for a proposition and the interest of another who would bar others from voting for a proposition for which they wish to vote. Lastly, it is noted that the question of confusion between similar proposed local laws is irrelevant. Electors have the right to vote on validly submitted propositions even if confusion may be a consequence (cf. Municipal Home Rule Law, § 37, subd. 13). Concur — Breitel, J. P., Rabin and Steuer, JJ.; McNally, J. (concurring and dissenting in part). Petitioners Monplaisir, Yorke and Ekwurzel instituted a proceeding to declare valid for submission to the electors of the City of New York at the general election to be held November 8, 1966 a proposed local law amending section 434 of the New York City Charter relating to disciplinary procedures of the Police Department. Said petitioners are qualified electors and the persons who filed the petition for the submission with the respondent City Clerk of the City of New York. The proceeding was instituted pursuant to and is governed by section 335 of the Election Law. Section 335 provides for notice to such officers, persons or committees as the court, Justice or Judge shall direct. The order to show cause herein provides for notice to the City Clerk and the Corporation Counsel of the City of New York. No other parties are interested or aggrieved. On September 29, 1966 the parties appeared before Mr. Justice SAYPOL at which time petitioner, Monplaisir, made an application for permission to withdraw "the petition filed and sponsored by the Conservative Party * * * that is, it be treated as though it were not filed and not recognized as a valid petition". The order granting petitioners' application to discontinue the proceeding and affirmed by this court was sought to avoid the inevitable confusion resulting from the submission of the proposed local law which is the subject of this proceeding with that which is the subject of the companion proceeding of *Matter of Cassese* v. *City Clerk of City of New York*. (See *Matter of Lutkitz* v. *Power*, 24 A D 2d 709.) The order in the Monplaisir proceeding staying

respondent City Clerk from certifying the proposed local law should be affirmed. The statutory power of the City Clerk terminated upon the expiration of the 30-day statutory period within which he is required to certify to the legislative body. (Municipal Home Rule Law, §§ 24, 37, subd. 5.) The interim order for re-examination of the petition made August 12, 1966 is rendered ineffective by the order of discontinuance herewith affirmed. Hence, there is neither statutory nor judicial authority to support any further action on the part of the respondent City Clerk in respect of the Monplaisir petition. Capozzoli, J., concurs.