**GRIFFIN v. UNITED STATES.**

No. 13691.

Circuit Court of Appeals, Eighth Circuit.

June 11, 1948.

458

J. W. Sturgeon, of Dickinson, N. D. (R. V. Boulger, of Dickinson, N. D., on the brief), for appellant.

A. Devitt Vanech, Asst. Atty. Gen., P. W. Lanier, U. S. Atty., of Fargo, N. D., and Mr. John F. Cotter, Atty., Department of Justice, of Washington, D. C., for appellee.

Before SANBORN, THOMAS and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order granting a temporary injunction, after a hearing upon an order to show cause, restraining and enjoining the defendant from grazing his livestock upon lands owned by the government and situated in Billings and Golden Valley counties in North Dakota.

The jurisdiction of this court is invoked under section 129 of the Judicial Code as amended, 28 U.S.C.A. § 227.[1]

The parties agree that the facts involved in the case are not in dispute. The United States is the owner of the lands in question. A portion of the lands included in the public domain was temporarily withdrawn by Executive Order No. 7673 of July 19, 1937, from settlement or sale and was reserved for public use and development by the Department of Agriculture for soil erosion control and for other purposes. The remainder of the lands was acquired, and all of it was administered, by the government through the Soil Conservation Service of the Department of Agriculture, under Title III of the Bankhead-Jones Farm Tenant Act of July 22, 1937, 50 Stat. 522, 525, 7 U.S.C.A. § 1011 et seq. Pursuant to the provisions of this Act the lands were leased to the Medora Grazing Association, a corporation, on September 1, 1938, for a period of ten years. The written lease contains many exceptions, reservations, limitations and regulations intended to secure the use and development of the lands in accordance with the purposes of the Act. The number of animals permitted to graze upon the lands was limited by certain rules and owners were not permitted to graze any animals upon the lands without a permit issued by the Association in accordance with the regulations.

Among other things the lease provided that "representatives of the Government shall be permitted to enter upon any of the * * * lands * * * controlled by the Association at any and all times for the purpose of making surveys, inspections, or conducting any other activities relating to the program of the land-use adjustment provided for in the agreement."

Paragraph 12 of the lease provided that "The United States shall have the right * * * to prosecute or defend, in the name of the United States of America, * * * any actions or proceedings appropriate or necessary for the protection of the title to, possession of, or any other interest in the Federally-owned lands."

On March 7, 1944, the Board of County Commissioners of Billings County, North Dakota, adopted a resolution declaring the lands embraced in the complaint to be open range and permitting stock to run at large at all times from September 1, 1943 to September 1, 1978, which resolution has been in full force and effect at all times since its adoption.

After the hearing on the order to show cause the court found that the defendant during the period from January 1, 1944, up to the time of the commencement of this action, without having a permit or allotment issued by the United States or by the Association, and without the consent of the United States or of the Association, did willfully, unlawfully and intentionally graze his livestock upon and across the lands in question, and that he continues to do so

---

[1] § 227. "Appeals in proceedings for injunctions and receivers. Where, upon a hearing in a district court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals * * *. The appeal to the circuit court of appeals must be applied for within thirty days from the entry of such order or decree, and shall take precedence in the appellate court; * * *"

without a permit; and that such grazing interferes with the administration of the lands in accordance with the provisions of Title III of the Bankhead-Jones Farm Tenant Act.

And the court found that the United States is the owner of the lands and entitled to possession thereof and that the defendant is a trespasser and threatens to continue so to trespass.

The temporary injunction complained of on this appeal was accordingly entered on November 12, 1947.

The appellant contends that the court erred in issuing the temporary injunction on substantially the following grounds:

1. Because the United States has not shown either that it was in possession of the lands or that it is entitled to the possession;

2. Because the land was declared open range by the County Commissioners of Billings County, North Dakota, allowing livestock to run at large thereon from September 1, 1943, to September 1, 1978;

3. Because the United States is not the real party in interest; and

4. Because the district court was without jurisdiction of the subject matter for the reason that there is no real controversy between plaintiff and defendant.

All of these contentions, it will be observed, are predicated upon two legal propositions which, if tenable, require reversal of the order appealed from and, if not tenable, require affirmance. These propositions are:

First, that the "Grazing Agreement", or lease, between the United States Department of Agriculture on behalf of the United States and the Medora Grazing Association of September 1, 1938, established between the parties the relation of landlord and tenant, or lessor and lessee, so that the United States as a result has no interest in the possession of the land and is not a party interested in this controversy; and

Second, that the appellant acquired the right to graze his livestock on the lands by reason of the resolution adopted by the Board of County Commissioners of Billings

County on March 7, 1944, declaring the lands an open range.

To sustain the first proposition the appellant relies upon the principle that a lease gives the right of possession of the premises to the lessee against the whole world, including the owner, 51 C.J.S., Landlord and Tenant, § 308a, page 969; and the case of United States v. Beebe, 127 U.S. 338, 8 S.Ct. 1083, 32 L.Ed. 121, and like cases. The point relied upon in the Beebe case, 127 U.S. at page 347, 8 S.Ct. at page 1088, 32 L.Ed. 121, is expressed by the Court as follows: "* * * when the government is a mere formal complainant in a suit, not for the purpose of asserting any public right or protecting any public interest, title, or property, but merely to form a conduit through which one private person can conduct litigation against another private person, a court of equity will not be restrained from administering the equities existing between the real parties by any exemption of the government designed for the protection of the rights of the United States alone." The question in that case involved the application of the statute of limitations in a suit brought to set aside a patent to land in favor of a private person on the ground of fraud. The government had no interest in the suit.

The principles thus relied upon by the appellant have no application to the facts of this case. The government had a vital interest in the present case. The purpose of the lease to the Association was to effect the policy of the government expressed in the Bankhead-Jones Tenant Act, supra; and it reserved in the lease the right to protect that policy and its rights thereunder in the lease. The applicable principle was expressed by this court in the case of United States v. Fitzgerald, 8 Cir., 201 F. 295, 296, as follows: "The United States may lawfully maintain suits in its own courts to prevent interference with the means it adopts to exercise its power of government and to carry into effect its policies. It may maintain such suits, although it has no pecuniary interest in the subject-matter thereof, for the purpose of protecting and enforcing its governmental rights

and to aid in the execution of its governmental policies."

See, also, McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301; United States v. Minnesota, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539; Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791.

The appellant's second contention that he had a right to graze the lands in question by reason of the resolution of the Billings County Commissioners declaring the lands of the government an open range is equally without merit. The power of Congress over the lands of the United States wherever situated is exclusive. When that power has been exercised with reference to land within the borders of a state neither the state nor any of its agencies has power to interfere. Constitution, Article IV, § 3, cl. 2; Utah Power & Light Co. v. United States, supra, 243 U.S. at page 404, 37 S.Ct. at page 389, 61 L.Ed. 791. On page 405 of the last cited case in 243 U.S., 37 S.Ct. at page 389, 61 L.Ed. 191, the Supreme Court say that the Congress has "power to control their [its lands] occupancy and use, to protect them from trespass and injury, and to prescribe the conditions upon which others may obtain rights in them * * *." "A different rule", it was said in Camfield v. United States, 167 U.S. 518, 526, 17 S.Ct. 864, 867, 42 L.Ed. 260, "would place the public domain of the United States completely at the mercy of state legislation."

The order appealed from is accordingly affirmed.