Norman P. MASON, as and in his official capacity as Federal Housing Commissioner, and Farragut Gardens No. 1, Inc., Farragut Gardens No. 2, Inc., Farragut Gardens No. 3, Inc., Farragut Gardens No. 4, Inc. and Farragut Gardens No. 5, Inc., Plaintiffs,

v.

Bertram KAVY, Morris Kavy and John Doe, Richard Roe and John Smith (meaning thereby those persons who were the Vice-President, Secretary and Treasurer of Plaintiff Corporations prior to September 12, 1955), their agents, servants, employees and attorneys and those persons in active concert or participation with them, Defendants.

Civ. A. No. 15901.

United States District Court
E. D. New York.

Sept. 30, 1955.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Albert H. Buschmann, Asst. U. S. Atty., William C. Gordon, Asst. U. S. Atty., Michael W. Graney, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for plaintiffs.

Steinberg & Patterson, New York City, Archibald A. Patterson, Leo H. Hirsch, Jr., New York City, of counsel, for defendants.

GALSTON, District Judge.

The plaintiffs have moved for a preliminary injunction, but since the issues are the same as those that are to be presented at the trial, and since also the plaintiffs urged that the trial be set as a preferred action at the head of the October term, and the court having so directed, the plaintiffs have temporarily withdrawn their motion.

There is, however, a countermotion for determination made by the defendants to dismiss the complaint. The defendants assert two grounds for their motion: (1) that the court is without jurisdiction over the subject matter and (2) that the complaint fails to state a claim upon which relief can be granted.

The matter is one of considerable importance and calls for a prompt decision.

The complaint alleges that Norman P. Mason is the duly appointed Federal Housing Commissioner (hereinafter referred to as the Commissioner), authorized by act of Congress to exercise the powers of the Federal Housing Administration and to sue in his official capacity. The co-plaintiffs, the Farragut Gardens corporations, are corporations existing under the laws of the State of New York. It is alleged that the action arises under the National Housing Act as amended, Title 12 U.S.C.A. § 1701 et seq., and pursuant to sections 1331 and 1345 of Title 28 U.S.C.

The complaint alleges that the Congress conferred upon the Commissioner power to insure up to 90% of the estimated cost of completed properties, and up to $5,000,000 mortgage loans by private lenders to prospective builders. The Farragut corporations have the right, as appears from their certificates of incorporation,

"to apply for and obtain * * * from the Federal Housing Commissioner * * * a contract or contracts of mortgage insurance pursuant to the provisions of the National Housing Act as amended * * * *"

and covering

"any indenture of mortgage * * * securing the same."

It is also alleged that these certificates of incorporation provide that

"so long as any property of this corporation is encumbered by a mortgage * * * of trust insured by the Commissioner, it shall engage in no business other than the construction and operation of a Rental Housing Project or Projects."

Likewise included in the complaint are allegations that these corporations obtained from the Commissioner contracts of mortgage insurance in the amounts of $4,411,200; $4,381,700; $4,404,000; $3,672,400, and $4,850,000 respectively, covering mortgage loans for the construction and operation of a rental housing project or projects in Brooklyn.

It was provided that the certificates of incorporation had to contain provisions required by the Commissioner to regulate or restrict mortgages "as to * * * capital structure, rate of return, and methods of operation", section 608 of the National Housing Act, Title 12 U.S.C.A. § 1743.

The Commissioner had promulgated regulations providing as follows:

"A corporate mortgagor shall be regulated through the ownership by the Commissioner of certain shares of special stock * * * which stock or interest will acquire majority voting rights in the event of default under the mortgage or violation of provisions of the charter of the mortgagor * * *. The shares of stock or beneficial interest issued to the Commissioner * * * and/or the Federal Housing Administration shall be in sufficient amount to constitute * * * a valid special class stock * * *. Such stock shall be represented by certificates issued in the name of the Commis-

sioner and/or in the name of the Federal Housing Administration * * *. Such regulation and the additional regulation or restriction provided in sections 280.30 to 280.32, inclusive, shall be made effective by incorporation of appropriate provisions therefor in the charter or other instrument under which the mortgagor is created * * *." (Title 24, Code of Federal Regulations, Section 280.29.)

The certificates of incorporation provide for authorized capital stock, both preferred and common, and set forth that in the event of any default and during the period of such default, "the holders of the preferred stock, voting as a class, shall be entitled to remove all existing directors of the corporation and to elect new directors in their stead."

As a result, the complaint alleges that the Federal Housing Administration has been and is the holder of the preferred stock of each of the Farragut corporations. Then follow allegations defining the meaning of "a default" as used in the certificate of incorporation.

It is charged that defaults were committed by the defendants within the meaning of the obligations set forth in the certificates of incorporation, and that demand was made upon the corporations and upon Morris Kavy, as president, to produce books, records and other documents. For a period of more than fifteen days, and in violation of a provision of the certificates of incorporation, the defendants failed to keep, and have continued to fail to keep, certain books and documents listed in the complaint.

It is alleged that authorized agents of the Commissioner demanded the right to inspect the records thus listed, and that the demand was refused.

Moreover, pursuant to provisions in the certificates of incorporation, the Commissioner demanded that the corporations give specific answers to questions upon which information was desired, and that such request was refused.

It is also charged that dividends on the common stock of the corporations were declared and paid to common stockholders without the approval of the preferred stockholders, and that at such times as each of these dividends was declared and paid, none of the Farragut corporations had net earnings in the amounts of such dividends. Continuing allegations relate to the failure of the Farragut corporations to call a special meeting of preferred stockholders for purposes stated within the written demand for such special meetings.

It was thus necessary for the Commissioner to act to secure control of the corporations. Notices of the proposed meetings of the preferred stockholders had to be published for the object of removal of the existing directors and for the election of new directors. Meetings thus were held pursuant to such notices on July 18, 1955 and adjourned to August 10, 1955. At the meetings of the preferred stockholders, the members of the then existing boards of directors, with the exception of Bertram Kavy, were removed, and the stockholders elected Messrs. Ewald, Brennan and Stanley Berman as directors of each of the Farragut corporations. Then pursuant to the by-laws, notices were given to the president and secretary to call a special meeting of the three directors. That they failed to do. Thereafter special meetings of the board of directors were held as scheduled, and there followed adoption of resolutions removing all of the existing officers and the election of Ewald as president, Brennan as secretary-treasurer, and Jancovic as vice president of each of the Farragut corporations. But the acts of Bertram Kavy prevented these officers from functioning and operating the corporations. Thus it became necessary for the plaintiffs to bring this action. It also appears from the complaint, in paragraph 38th, that the Comptroller of the State of New York, as Trustee of the New York State Employees' Retirement System, and holder of insured mortgages

on properties of the Farragut Gardens Nos. 1, 2 and 3, brought an action to foreclose those mortgages because of defaults in the payment of principal, interest and other sums. Other defaults are alleged under the terms of payment of mortgages No. 4 and No. 5, as set forth in paragraph 39th of the complaint.

The plaintiffs allege they have no adequate remedy at law and, therefore, they seek in their prayer for relief that the defendants be restrained from preventing the newly elected directors or their agents or employees from entering upon the premises of the plaintiff corporations, and from having access to their books, records, and from interfering with them in the performance of their duties as officers or employees of the plaintiff corporations.

The foregoing is but a summary of the allegations of the complaint, which pursuant to the motion to dismiss for lack of jurisdiction must be presumed to be set forth in the complaint.

■ The defendants argue that this case does not arise under federal law within the meaning of section 1331 of the Federal Judicial Code, Title 28. But what apparently is ignored is the outstanding fact that the Federal Housing Commissioner seeks relief on behalf of the Federal Housing Administration. The Commissioner indeed sues because of violations of the National Housing Act, and the regulations made pursuant thereto.

The National Housing Act provides:

"The Commissioner shall, in carrying out the provisions of * * * subchapters * * * VI–VIII * * * of this chapter, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." 12 U.S.C.A. § 1702.

From this it certainly follows that the Commissioner is authorized to sue in federal district courts to carry out the provisions of the National Housing Act, and the district courts have original jurisdiction of such civil actions which are commenced by the Government, or any agent thereof, expressly authorized to sue, Title 28 U.S.C. § 1345. See Griffin v. United States, 8 Cir., 1948, 168 F.2d 457.

The argument of the defendants is that no federal question is presented because in violating the Act and the regulations of the Commissioner, defendants may also have violated the state law. But I agree with the answering argument that this contention overlooks the fact that the Commissioner is a special kind of stockholder who is given special rights and the prerogative of preserving those rights under the National Housing Act and the regulations which were formulated thereunder, and hence is qualified to institute this federal action.

Our circuit decided, in Fielding v. Allen, 2 Cir., 1950, 181 F.2d 163, 166, that:

"A complaint which sets forth a substantial claim under a federal statute presents a case within the jurisdiction of a federal court * *. Nor need the federal statute upon which the claim is based expressly provide that the plaintiff shall have a remedy by way of suit. Bell v. Hood [327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939]. Hence we have only to determine whether the second count of the complaint asserts a right of Ogden Corporation based on a law of the United States."

A recent case decided by Judge Meaney, Sarner v. Mason, D.C.N.J., 1955, 128 F.Supp. 165, appears to me to be very well considered, and sustains the plaintiff's position that this court has jurisdiction of the present action.

■ The second ground of the defendants' motion is that the complaint fails to state a claim. Clearly a claim is stated. There is, first of all, the official status of the Administrator as plaintiff; secondly the violation or breaches in respect to the declaration of dividends, the defaults in the mortgages, and the refusal of the defendants to recognize the

status of the new board of directors and the newly elected officers of the corporation.

Accordingly 'defendants' motion must be denied.

Settle order.