[Sac. No. 250.   Department One.—June 24, 1898.]

MICHAEL ISAACS, Respondent, v. MORRIS JONES et al., Defendants. BANK OF YOLO, Intervenor, Appellant.

SETTLEMENT OF PARTNERSHIP—RECEIVER—INTERVENTION.—The right of a third person to intervene in an action for the settlement of partnership affairs is not enlarged or diminished by the action of the court in appointing a receiver, nor by his conduct after such appointment. Whatever error may have been committed by the court in the exercise of its jurisdiction to appoint the receiver, or in not controlling his conduct, can only be corrected at the instance of the parties to the action, and does not confer upon a stranger the right to intervene in the action.

ID.—INCOMPETENT PARTNER—ORDER APPOINTING GUARDIAN—COLLATERAL ATTACK.—The action of a court of competent jurisdiction in appointing a guardian of an incompetent partner is not open to collateral attack, and, in the absence of a direct attack, the order therefor will be presumed to have been correctly made.

ID.—RIGHT OF INTERVENTION—ATTACHMENT OF PARTNER'S INTEREST.—An applicant for intervention in an action, in order to avail himself of the right conferred by section 387 of the Code of Civil Procedure, must have a direct interest either in the matter in litigation, or in the success of one of the parties to the action, or against both of them, and such interest must not be consequential, and must be

one which is proper to be determined in the action. A creditor of an individual partner, who has merely an attachment upon his interest in the partnership, has no such interest in an action to wind up the affairs of the partnership as to entitle him to intervene.

Id.—Rights of Attaching Creditor.—The attaching creditor who has levied upon the interest of an individual partner in the partnership assets has no right to delay the action to wind up the affairs of the partnership until the recovery of judgment in the attachment suit; but if he shall obtain judgment and sell the interest of the individual partner, such sale will entitle the purchaser to receive from the court whatever may be found to belong to such partner.

Id.—Fraudulent Mortgages.—If the partner whose interest is attached has made fraudulent mortgages upon the attached property, their invalidity is to be determined when the purchaser of the property under execution shall become clothed with title thereto, and the question can give no ground for intervention by the attaching creditors in the suit to settle the partnership.

Id.—Conspiracy to Defeat Attachment Suit.—If the partners have conspired to defeat the attachment suit, the resistance to such conspiracy must be made in that suit, and not by intervention in the suit to settle the partnership.

APPEAL from an order of the Superior Court of Amador County denying a petition in intervention. R. C. Rust, Judge.

The facts are stated in the opinion of the court.

Charles W. Thomas, and E. R. Bush, for Appellant.

The attachment lien was sufficient to sustain a creditor's bill, and to support the petition in intervention. (*Conroy v. Woods*, 13 Cal. 626; 73 Am. Dec. 605; *Horn v. Volcano etc. Co.*, 13 Cal. 62; 73 Am. Dec. 569; *Daniels v. Clark*, 38 Iowa, 556; *Speyer v. Ihmels*, 21 Cal. 280; 81 Am. Dec. 157; *Coghill v. Marks*, 29 Cal. 673; *Brown v. Saul*, 16 Am. Dec. 177, note 181; *Davis v. Eppinger*, 18 Cal. 379; 79 Am. Dec. 184; *Kimball v. Richardson*, 111 Cal. 386; *Wafer v. Bank*, 36 Kan. 292; *Claflin v. Feibelmann*, 44 La. Ann. 518; *Nassauer v. Techner*, 65 Wis. 388.) The lien affected the whole assets of the partnership; and the successor of one partner's interest succeeds to his right to enforce the partnership settlement. (*Jones v. Thompson*, 12 Cal. 191; *Hughes v. Boring*, 16 Cal. 82; *Jones v. Parsons*, 25 Cal. 104; *Clark v. Cushing*, 52 Cal. 618; *Commercial Bank v. Mitchell*, 58 Cal. 48; *Wright v. Ward*, 65 Cal. 526.)

Robert T. & William Devlin, for Respondent.

Petitioner had no interest authorizing an intervention. (*Horn v. Volcano etc. Co.*, 13 Cal. 62, 69; 73 Am. Dec. 569; *Lewis v. Harwood*, 28 Minn. 428; *Smith v. Gale*, 144 U. S. 509, 518.) An intervenor cannot contest the jurisdiction of the court, or its action as between the original parties. (*Kenner v. Holliday*, 19 La. 154; *Clamageran v. Bucks*, 16 Am. Dec. 185; *Fleming v. Shields*, 21 La. Ann. 118; 99 Am. Dec. 719.)

HARRISON, J.—The plaintiff and the defendant Bernhard Isaacs formed a partnership in the town of Ione, in 1873, for business purposes, and continued to conduct business under their partnership relation until some time in 1895, when the defendant Bernhard became legally incompetent of contracting and by an order and judgment of the superior court of Amador county was adjudged to be an incompetent person and unfit to manage his property; and the defendant Morris Jones was appointed the guardian of his estate, and letters of guardianship were duly issued to him. Plaintiff thereupon determined upon a dissolution of the partnership, and has brought the present action to wind up it affairs, including an accounting and determination of the respective rights of the parties hereto, and such distribution of the proceeds of the partnership property as may be proper and just. The complaint alleges also that it is necessary that a receiver of the partnership property be appointed "to take charge thereof, and to collect the demands due to said partnership, and to pay off the claims against the same, and deliver to the parties entitled their respective shares, after the same is determined by an accounting and judgment of this court." Upon the filing of the complaint and petition therefor a receiver was appointed. After the present action had been commenced, and after the appointment of the receiver, the Bank of Yolo commenced an action in the superior court of Yolo county, against the defendant Bernhard Isaacs, upon a promissory note made to it by him in June, 1895, and caused a writ of attachment to be issued in said action, which was levied by the sheriff of Amador county upon certain real estate in said county, and under which garnishments were served upon the receiver and upon the plaintiff and the guardian of Bernhard. Thereafter the Bank of Yolo presented its petition

to the superior court of Amador county for leave to intervene
in the present action "as a creditor of the defendant Bernhard
Isaacs, one member of said firm, and to appear therein for and
in behalf of itself and said Isaacs, as against the other parties
to the action, and for all other persons similarly situated." In
its petition it set forth that it had commenced the action against
Bernhard, and the proceedings under the writ of attachment
issued therein, and avers that it has thereby acquired a lien upon
all of said property of the partnership, and upon the interest
of said Bernhard in the real estate levied upon. It also stated
that Bernhard is reasonably worth not less than fifty thousand
dollars, and that the officers of the petitioner "have been in-
formed" that he intended to defraud it out of said debt, and that
"said bank verily believes" that he has entered into a conspiracy
with the plaintiff to defeat the bank in the collection of the note.
The petition also alleges that the application for the appointment
of the guardian of Bernhard was insufficient to support the or-
der, and that the facts alleged in the petition for said appoint-
ment were not sufficient to give the court jurisdiction to make
the order, and that since his appointment the guardian has not
properly discharged his duties; and also that the order appoint-
ing a receiver was not authorized either by the facts alleged in
the petition therefor, or the manner in which the appointment
was sought, and that the person appointed is unsuitable for that
office. Upon these averments the petitioner asked, in addition
to being permitted to intervene, that the parties to the action
show cause why the order appointing a receiver should not be re-
voked, and all property belonging to Bernhard, or in which he
has an interest, be delivered to the sheriff, and why the sheriff
should not proceed to sell and dispose of it under his writ of
attachment. A citation was issued to the parties to the action,
and their demurrer to the petition was sustained by the court,
and an order made denying the petition. From this order the
Bank of Yolo has appealed.

The right of the appellant to intervene in the action is not
enlarged or diminished by the action of the court in appointing
the receiver, or by his conduct after his appointment. The court
had jurisdiction to appoint a receiver in the action, and what-
ever error it may have committed in making the appointment,

or in not controlling his conduct, may be corrected at the in-
stance of the parties to the action, but it does not confer upon a
stranger the right to intervene in the action. Neither is the
action of the court in appointing a guardian for Bernhard Isaacs
open to a collateral attack. The order therefor was made by a
court of competent jurisdiction, and, in the absence of a direct
attack, will be presumed to have been correctly made.

Section 387 of the Code of Civil Procedure provides: "Any
person may, before the trial, intervene in an action or proceeding
who has an interest in the matter in litigation, in the success of
either of the parties, or an interest against both. An intervention
takes place when a third person is permitted to become a party
to an action or proceeding between other persons, either by join-
ing the plaintiff in claiming what is sought by the complaint, or
by uniting with the defendant in resisting the claims of the plain-
tiff, or by demanding anything adversely to both the plaintiff
and the defendant." There have been many decisions upon the
right of intervention which is given by this section, but in none
of them has there been any attempt to define the right in any
clearer terms than those of the section itself. Whether any par-
ticular case is within the terms of the premises is best deter-
mined by a consideration of the facts of that case; and the con-
sideration of the effect of any particular construction to be given
to a statute is of advantage in determining the construction to
be given to it, and is frequently decisive of the question. To
avail himself of the right given by this section, the applicant
must have either an interest in the matter in litigation, or in
the success of one of the parties to the action, or an interest
against both of them. The interest here referred to must be
direct and not consequential, and it must be an interest which
is proper to be determined in the action in which the interven-
tion is sought. In one sense, it may be said that a creditor of
the plaintiff in an action for damages may have an interest in
his recovering judgment against the defendant, since thereby
he may be able to recover his own debt, but such interest will
not give him the right to intervene in the action. The second
sentence of the section above quoted itself defines the circum-
stances under which an intervention may be had, and is to that
extent a limitation upon the terms used in the first sentence. The

third person must have an interest in claiming what is sought. by the complaint, or in resisting the claim of the plaintiff, or must demand something which is involved in the litigation adversely to both of the parties.

The object of the present action is a distribution under the direction of the court of the assets of the partnership, including the determination of the amount thereof to which each partner will be entitled after the payment of all the partnership claims. Although the individual partners are entitled to the surplus according to their interests as the same shall be ascertained by the court, a litigation in the action of disputed claims against the individual partners is not appropriate. If every claim against each of the partners could be made the subject of a distinct issue and determination in such an action, it is easily seen that the litigation might be indefinitely prolonged. When the partnership affairs have been adjusted, the court should enter its judgment in accordance with such adjustment. Its authority to appoint a receiver rests upon its right to retain in its possession the property of the partnership until the rights of the several claimants thereto have been satisfied, and when this has been accomplished the receiver is to be discharged. The court is not authorized to retain in its possession thereafter the property adjudged to belong to the individual partners, for distribution among their respective creditors, any more than it would have been authorized to appoint a receiver for that purpose in the first instance. So far as the rights of these creditors are legal rights, they are to be enforced in the ordinary mode for enforcing legal obligations. In the present case, the appellant alleges that it has secured its claim against Bernhard Isaacs by the lien of an attachment, and it appears from the record that the court refused the motion of the plaintiff to dissolve the attachment. This lien of the appellant is upon the entire share of his debtor in the surplus assets of the partnership, and such lien will be available to him when he shall have obtained a judgment in the action in Yolo county. He has not yet established any claim against this surplus, and, as it is possible that he may not obtain a judgment in that action until long after the partnership affairs shall have been adjusted in the present action, it would be unjust to permit an intervention here, the only effect of

which would be to tie up the property until the determination of the suit in Yolo county. If he shall obtain judgment in that action prior to the entry of judgment herein, a sale under that judgment of the interest of Bernhard Isaacs in the real estate upon which his attachment has been levied, as well as in the partnership property, will make the purchaser its owner and entitled to receive from the court whatever may be found to belong to Bernhard. If, as is alleged, Bernhard Isaacs has made fraudulent mortgages upon the attached property, that is a question to be determined when the appellant or some other purchaser shall become clothed with a title to the property; and, if the plaintiff herein is conspiring with Bernhard to defeat the appellant in the action in Yolo county, the resistance against such conspiracy must be made in the action in that county. Neither of these matters is properly a subject to be litigated in this action, and neither of them gives any ground for an intervention by the appellant.

The order is affirmed.

Van Fleet, J., and Garoutte, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion thereon on July 23, 1898:

BEATTY, C. J., dissenting.—I dissent from the order denying a rehearing of this cause and from the decision of the Department.

The matter in litigation in this action is the amount of surplus assets of the firm of Michael and Bernhard Isaacs, and the respective shares of the parties. Appellant had a lien upon Bernhard's share. Its lien was a valuable interest—the property and its value to which the lien attached not only can be but must be determined in the action, and, in my opinion, it is a plain case for intervention.