[L. A. No. 17004.   In Bank.—June 8, 1939.]

JERSEY MAID MILK PRODUCTS CO., INC. (a Corporation), et al., Plaintiffs and Respondents, v. A. A. BROCK, Director of Agriculture, etc., et al., Defendant and Respondent; WESTERN MOLSTEIN FARMS, INC. (a Corporation), et al., Interveners and Appellants.

Hill, Morgan & Bledsoe, Charles P. McCarthy, Victor Ford Collins, Mark M. Cohen, Irwin M. Fulop, Edward M. Selby and Lewis D. Collings for Appellants.

John L. Flynn for Plaintiffs and Respondents.

U. S. Webb, Attorney-General, Earl Warren, Attorney-General, and Walter L. Bowers, Deputy Attorney-General for Defendant and Respondent.

CURTIS, J.—This proceeding was instituted for the purpose of restraining the defendant, the Director of Agriculture, from enforcing as against the plaintiffs, the provisions of chapter 10, division IV, of the Agricultural Code of this state and the marketing plan for stabilization of the milk industry formulated by him pursuant thereto for the Los Angeles County area. The plaintiffs consist of producers, distributors, and consumers of milk within said area. The appellants herein to whom we shall refer hereafter as interveners, filed a petition in the Superior Court in and for the County of Los Angeles in which this proceeding was pending, asking that they be permitted to intervene in said proceeding. Their petition was granted, and they thereupon filed their complaint in intervention. Thereafter the plaintiffs, and later the defendant, moved the trial court to strike said complaint in intervention from the files of said action. These motions were granted, and the interveners have appealed from the order granting said motions and striking out their complaint in intervention.

The original action, as instituted by the plaintiffs, was before this court and bears the L. A. No. 16986 (*ante*, p. 620 [91 Pac. (2d) 577].) The decision in said action has this day been filed. In that decision the facts of said case are fully set out and may be ascertained by a reading of said decision. It will not be necessary, therefore, to set forth said facts in any detail herein. As noted above, the action was instituted to restrain the defendant from enforcing as against plaintiffs herein chapter 10 of division IV of the Agricultural Code, and the marketing plan for the stabilization of the milk industry formulated under the terms of said chapter.

Interveners are distributors of milk within the Los Angeles County area, and like the plaintiffs in this action are interested in the validity of said chapter of the Agricultural Code, and also like the plaintiffs, they are opposed to the enforcement of the provisions of said chapter and the stabilization plan formulated thereunder. They contend, therefore, that they have such "an interest in the matter in litigation", and in the success of the plaintiffs in said action that entitles them to intervene in the action under the terms of section 387 of the Code of Civil Procedure. The sole question for decision, therefore, is whether the

interveners have any interest in the proceeding that will entitle them to intervene as parties therein.

Section 387 of the Code of Civil Procedure provides in part that, "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding." We find no direct authority upon the precise question before us under facts similar to those in the present action. Section 387 of the Code of Civil Procedure has been the subject of frequent discussion in numerous decisions of the appellate courts of the state.

In the case of *Isaacs* v. *Jones,* 121 Cal. 257, 261. [53 Pac. 793, 1101], it was held, "To avail himself of the right given by this section (sec. 37, Code Civ. Proc.) the appellant must have either an interest in the matter in litigation, or in the success of one of the parties to the action, or an interest against both of them. The interest here referred to must be direct and not consequential, and it must be an interest which is proper to be determined in the action in which the intervention is sought." In a later case by this court, we find the following statement in reference to the language of said section, "The interest mentioned in the code which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." (*Elliott* v. *Superior Court,* 168 Cal. 727, 734 [145 Pac. 101].)

The question again came before the court, and it was held that, "The interest in the matter in litigation as contemplated by the code section must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. (*Elliott* v. *Superior Court,* 168 Cal. 734 [145 Pac. 101].) The interest must be direct, and not consequential, and must be such an interest as is proper to be determined in the proceeding in which the intervention is sought. (*Isaacs* v. *Jones,* 121 Cal. 257 [53 Pac. 793, 1101].) " (*La Mesa etc. Irr. Dist.* v. *Halley,* 195 Cal. 739, 741 [235 Pac. 999].)

The last-mentioned case was brought against the officers of the plaintiff to compel them to sign and attest certain bonds claimed to have been duly authorized by the plaintiff district.

Certain owners of lands within the district applied for leave to file a complaint in intervention, claiming that the bonds when issued would be invalid because the indebtedness to be evidenced thereby was beyond the power of the district to assume. Their application was denied. On appeal, the order denying their application was affirmed, the court holding that, "The matter in litigation in the pending proceeding is whether or not the respondents have refused without legal justification, to do that which the law specifically required them to do, as duties resulting from their respective offices." ▮ Applying the definition there given to the words "the matter in litigation", to the present proceeding, it is apparent that "the matter in litigation" herein is whether or not the defendant should be enjoined as against the plaintiffs from enforcing the provisions of chapter 10 of division IV of the Agricultural Code. Any judgment rendered in said action will have no direct effect whatever upon any person other than the parties to said action. If the judgment should be in favor of the plaintiffs the defendant will be restrained from enforcing said acts against the plaintiffs but against no other person. If it should be in favor of the defendant, then the latter would be free from any legal restraint to enforce said judgment against the plaintiffs. This judgment would in no way be binding upon the interveners as long as they are not parties to said action, and they will be as free to pursue their business after the rendition of said judgment, as they were before. They, therefore, would not gain or lose by the direct operation of the judgment. The legal operation of said judgment will have no direct effect upon interveners. It is true there may be an adjudication that said act is a valid legislative enactment which might serve as a precedent upon any action instituted against interveners for the violation of the terms of said act and to that extent it might be said that the interveners have an interest in the matter in litigation, but as the judgment so rendered would have no binding effect upon the interveners, as it would upon the parties to this proceeding, and would in no way directly affect them, their interest is not a direct but a mere consequential interest in the matter in litigation.

It has further been held that the interest which entitles a party to intervene in an action between other parties must be in the matter in litigation in the suit as originally

brought, and of such a direct and immediate character that the intervener will either gain or lose by the direct effect of the judgment therein. (*Dennis* v. *Spencer*, 51 Minn. 259 [53 N. W. 631, 38 Am. St. Rep. 499].)

In the present action the matter in litigation in the suit as originally brought, as we have stated before, is whether or not the defendant should be enjoined from enforcing the terms of said chapter against the plaintiffs. Interveners do not claim to be stockholders, or the owners of any interest in the property of either or any of the plaintiffs, and, of course, they have no interest in the defendant. They have, therefore, no direct interest in the matter in litigation in this action. Having no direct interest in the matter in litigation in this action, they had no right under section 387 of the Code of Civil Procedure to intervene therein, and the trial court properly granted the motions to strike the complaint in intervention from the files of said action. (*Grand Rapids* v. *Consumers Power Co.*, 216 Mich. 409 [185 N. W. 852].)

We might add, before closing this opinion, that in the case of *La Mesa etc. Irr. Dist.* v. *Halley, supra*, the court observed that, "If the proposed interveners desire to file a brief as *amici curiae* in the pending proceedings, application to that end would no doubt receive favorable consideration." By reference to the record in the main proceeding, being L. A. No. 16986, *supra*, (*ante*, p. 620 [91 Pac. (2d) 577]), and to the opinion rendered therein, it will be noted that the attorneys for the interveners were granted the right to file a brief as *amici curiae;* that such a brief was filed; and the same was given extended consideration in our opinion therein. Interveners were, therefore, given ample opportunity to be heard upon each and all of the legal issues involved "in the suit as originally brought".

The judgment is affirmed.

Langdon, J., Shenk, J., Seawell, J., and Houser, J., concurred.