[Civ. No. 13677.   First Dist., Div. Two.   Oct. 25, 1948.]

W. D. KENNEY et al., Plaintiffs and Respondents, v. HARRY K. WOLFF et al., Defendants and Respondents; ROBERT U. JOHNSON et al., Interveners and Appellants.

Jos. T. Curley and Marvin Hix for Interveners and Appellants.

Milton Marks and Morris Lowenthal for Plaintiffs and Respondents.

John J. O'Toole, City Attorney, for Defendants and Respondents.

DOOLING, J.—This is an appeal from an order of the trial court striking from the files appellants' complaint in intervention. The action in which appellants sought to intervene was commenced by plaintiffs, former employees of the Market Street Railway Company, to determine their rights as employees of the city and county of San Francisco under section 125 of the charter. The questions involved in counts four

and five of the complaint have to do with the relative seniority rights of employees already in the employ of the Municipal Railway system at the time the Market Street system was acquired by the city and county of San Francisco and the plaintiff employees who entered the employment of the city and county at the time of such acquisition. It is as to these counts only that appellants sought to intervene.

It is admitted that the plaintiffs are none of them conductors or motormen and that the appellants are all either conductors or motormen who were employed on the Municipal Railway prior to the acquisition of the Market Street system by the city and county. For this reason no adjudication of the seniority rights of the plaintiffs will directly affect the seniority rights of any of the appellants. Their only interest in the litigation is that the judgment may establish a rule of law in the interpretation of the seniority rights of plaintiffs as former employees of the Market Street Railway which might affect appellants' rights in future litigation. That this is not a sufficient interest in the subject matter of the action to entitle appellants to intervene is settled by the decision in *Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 661 [91 P.2d 599]. We quote from the opinion in that case, pages 662-664:

"Interveners are distributors of milk within the Los Angeles County area, and like the plaintiffs in this action are interested in the validity of said chapter of the Agricultural Code, and also like the plaintiffs, they are opposed to the enforcement of the provisions of said chapter and the stabilization plan formulated thereunder. They contend, therefore, that they have such 'an interest in the matter in litigation,' and in the success of the plaintiffs in said action that entitles them to intervene in the action under the terms of section 387 of the Code of Civil Procedure. The sole question for decision, therefore, is whether the interveners have any interest in the proceeding that will entitle them to intervene as parties therein.

"Section 387 of the Code of Civil Procedure provides in part that, 'At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding.' We find no direct authority upon the precise question before us under facts similar to those in the present action. Section 387 of the Code of Civil Procedure has been the subject of frequent discussion in numerout decisions of the appellate courts of the state.

"In the case of *Isaacs* v. *Jones,* 121 Cal. 257, 261 [53 P. 793, 1101], it was held, 'To avail himself of the right given by this section (sec. 37 [sic], Code Civ. Proc.) the appellant must have either an interest in the matter in litigation, or in the success of one of the parties to the action, or an interest against both of them. The interest here referred to must be direct and not consequential, and it must be an interest which is proper to be determined in the action in which the intervention is sought.' In a later case by this court, we find the following statement in reference to the language of said section, 'The interest mentioned in the code which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment.' (*Elliott* v. *Superior Court,* 168 Cal. 727, 734 [145 P. 101].)

"The question again came before the court, and it was held that, 'The interest in the matter in litigation as contemplated by the code section must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. (*Elliott* v. *Superior Court,* 168 Cal. 734 [145 P. 101].) The interest must be direct, and not consequential, and must be such an interest as is proper to be determined in the proceeding in which the intervention is sought. (*Isaacs* v. *Jones,* 121 Cal. 257 [53 P. 793, 1101].)' (*La Mesa etc. Irr. Dist.* v. *Halley,* 195 Cal. 739, 741 [235 P. 999].)

"The last-mentioned case was brought against the officers of the plaintiff to compel them to sign and attest certain bonds claimed to have been duly authorized by the plaintiff district. Certain owners of lands within the district applied for leave to file a complaint in intervention, claiming that the bonds when issued would be invalid because the indebtedness to be evidenced thereby was beyond the power of the district to assume. Their application was denied. On appeal, the order denying their application was affirmed, the court holding that, 'The matter in litigation in the pending proceeding is whether or not the respondents have refused without legal justification, to do that which the law specifically required them to do, as duties resulting from their respective offices.' Applying the definition there given to the words 'the matter in litigation,' to the present proceeding, it is apparent that 'the matter in litigation' herein is whether or not the defendant should be enjoined as against the plaintiffs from enforc-

ing the provisions of chapter 10 of division IV of the Agricultural Code. Any judgment rendered in said action will have no direct effect whatever upon any person other than the parties to said action. If the judgment should be in favor of the plaintiffs the defendant will be restrained from enforcing said acts against the plaintiffs but against no other person. If it should be in favor of the defendant, then the latter would be free from any legal restraint to enforce said judgment against the plaintiffs. This judgment would in no way be binding upon the interveners as long as they are not parties to said action, and they will be as free to pursue their business after the rendition of said judgment, as they were before. They, therefore, would not gain or lose by the direct operation of the judgment. The legal operation of said judgment will have no direct effect upon interveners. *It is true there may be an adjudication that said act is a valid legislative enactment which might serve as a precedent upon any action instituted against interveners for the violation of the terms of said act and to that extent it might be said that the interveners have an interest in the matter in litigation, but as the judgment so rendered would have no binding effect upon the interveners, as it would upon the parties to this proceeding, and would in no way directly affect them, their interest is not a direct but a mere consequential interest in the matter in litigation.*"

The portion of the opinion which we have italicized applies with equal force to the position of appellants here and is conclusive against their right to intervene.

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied November 24, 1948, and interveners and appellants' petition for a hearing by the Supreme Court was denied December 23, 1948.